UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRIAN D. GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00251-JPH-MJD |
| ) | |
| WILSON Commander, ) | |
| DOBSON Sgt., ) | |
| MR. LYNN Sgt., ) | |
| MRS. LYNN Officer, ) | |
| MR. KOLHOUSE Sgt., ) | |
| MRS. KOLHOUSE Sgt., ) | |
| ) | |
| Defendants. ) | |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS,* SCREENING COMPLAINT, AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

**I.** *In Forma Pauperis*

The plaintiff's motion to proceed *in forma pauperis,* dkt. [2], is **GRANTED**. The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time. Notwithstanding the foregoing ruling, "[a]ll [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening of Complaint**

**A.** *Legal Standards*

Plaintiff Brian Graham is a prisoner currently confined at Knox County Jail (the Jail). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an

obligation under § 1915A(a) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

    **B.**    *Allegations*

The complaint filed on May 12, 2020, names the following defendants: 1) Commander Wilson; 2) Sgt. Dobson; 3) Sgt. Mr. Lynn; 4) Officer Mrs. Lynn; 5) Sgt. Mr. Kolhouse; and 6) Sgt. Mrs. Kolhouse. For relief, Mr. Graham seeks compensatory damages.

Mr. Graham alleges that he arrived at the Jail on April 29, 2019. Dkt. 1 at 2. He alleges that he has a "high profile case of a sexual nature" and that on April 30, 2019, he asked for protective custody. *Id*. at 2-3. Instead, he was placed in C-pod, where on June 8, 2019, he was attacked by another inmate. *Id*. at 2. After the attack, Commander Wilson and Officer Lynn saw his injuries and sent him to medical. *Id.* He told unnamed Jail officials that it would be dangerous for him to be sent back to C-pod with twelve other inmates. *Id.*

On July 27, 2019, he was attacked again by two other inmates in C-pod. Sgt. Lynn investigated the incident and saw Mr. Graham's injuries. *Id*. Still, he was not placed in protective

custody. *Id.* Thirty days later, his move to D-pod was authorized by Commander Wilson. *Id.* On September 15, 2019, Sgt. Mrs. Kolhouse moved him to a different cell in D-pod. *Id.* at 3. Three other inmates threw koolaid and urine on Mr. Graham. Sgt. Mrs. Kolhouse investigated and told him to "suck it up and deal with it" and claimed that there was no place else to house him in the entire Jail. *Id.*

Sometime later, Sgt. Dobson moved him to an isolation cell with another inmate. *Id.* Officer Lynn moved him back to D-pod on March 1, 2020, where he was assaulted by another inmate. *Id.* Sgt. Mr. Kolhouse investigated and told Mr. Graham that it "serves you right for what you did." *Id*. Sgt. Mr. Kolhouse placed an alleged murderer in a cell with Mr. Graham in D-pod and said, "whatever happens now is to[sic] bad." *Id*.

**C.** *Discussion*

Mr. Graham does not allege whether he was a convicted offender at the time of his confinement at the Jail. For now, the Court presumes that Mr. Graham was a pretrial detainee at all times relevant to his allegations. Therefore, his claims are understood to be brought under the Fourteenth Amendment rather than the Eighth Amendment. *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018).

The Court discerns Mr. Graham's claims to be that all six defendant officers were aware that he had requested protective custody based on his criminal charges but all of them failed to protect him, in violation of his Fourteenth Amendment rights. These claims **shall proceed.**

These are the claims the Court discerns in the complaint. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through July 7, 2020,** in which to identify those claims.

### III.  Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants 1) Commander Wilson; 2) Sgt. Dobson; 3) Sgt. Mr. Lynn; 4) Officer Mrs. Lynn; 5) Sgt. Mr. Kolhouse; and 6) Sgt. Mrs. Kolhouse in the manner specified by Rule 4(d). Process shall consist of the complaint filed on May 12, 2020 (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**SO ORDERED.**

Date: 6/9/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRIAN D. GRAHAM
Knox County Law Enforcement Center
2375 Old Decker Rd.
Vincennes, IN 47391

Commander Wilson
Knox County Law Enforcement Center
2375 Old Decker Rd.
Vincennes, IN 47391

Sgt. Dobson
Knox County Law Enforcement Center
2375 Old Decker Rd.
Vincennes, IN 47391

Sgt. Mr. Lynn
Knox County Law Enforcement Center
2375 Old Decker Rd.
Vincennes, IN 47391

Officer Mrs. Lynn
Knox County Law Enforcement Center
2375 Old Decker Rd.
Vincennes, IN 47391

Sgt. Mr. Kolhouse
Knox County Law Enforcement Center

2375 Old Decker Rd.
Vincennes, IN 47391

Sgt. Mrs. Kolhouse
Knox County Law Enforcement Center
2375 Old Decker Rd.
Vincennes, IN 47391